JOHN RUSSELL *vs.* NATHAN ELDEN *&* al.

A devise of uncultivated lands, without words of inheritance, carries a fee in them.

Where the testator *gave and bequeathed* to one grandson certain lands, and also a note of hand and different articles of personal property; and if that grandson should die under age and without issue, directed, " that the several *legacies therein bequeathed*" to that grandson " should be paid or given" to another grandson; *it was held*, that upon the death of the first grandson, under age and without issue, the second grandson should take the lands.

THIS was a writ of entry, and the case came before the Court on a statement made by the parties. On the second day of *June,*

1823, *Henry Fossett*, being then and until his death seized of the demanded premises and other valuable real and personal estate, made his last will and testament, and soon after died, and the will was duly proved. Among several devises and legacies was the following. " I give and bequeath unto my grandson, *Henry Fossett Russell*, son of *John Russell*, a certain lot of land in *Appleton* plantation which I purchased of *David Grafton* ; also another lot which is situated in said *Appleton* plantation which I purchased of *Henry Fossett* of *Union*. I also give unto my said grandson, *Henry Fossett Russell*, a note of hand which I hold against *Henry Ewing*, for one hundred dollars. Also I give unto my said grandson, *Henry F. Russell*, half a dozen silver table spoons, one gun and one chest, and in case the aforesaid *Henry Fossett Russell* should not live to arrive to the age of twenty-one years, then the several legacies therein bequeathed *to the said Henry F. Russell*, I will and direct shall be paid or given to *Henry Fossett, 2d*, son of *Henry Fossett* of *Union*." The provisions of the will in relation to others, sufficiently appear in the opinion of the Court. The tracts of land at the time the will was made were, and until the present time have been, in a state of nature, uncultivated, and covered with timber and wood. *Henry Fossett Russell*, after the death of the testator, died under the age of twenty-one years, intestate, and without issue. The demandant is the father of *Henry Fossett Russell*. *Henry Fossett, 2d*, is yet alive, and the tenants claim under him. A nonsuit or default was to be entered according to the rights of the parties.

The arguments were in writing.

*Mellen* and *Barnard*, for the demandant, argued : — 1. That *Henry Fossett Russell* took a fee simple estate in the *Appleton* lands devised to him from the terms used. It was the intention of the testator to distribute his estate among his descendants, and the fee was intended to be given in this case. But however this may be, as the lands were in a state of nature, wild and uncultivated, the fee passed by the devise. *Sargent* v. *Towne*, 10 *Mass. R.* 303, and *Ridgway* v. *Parker*, cited in a note to the same case.

2. In giving a construction to wills, the intention of the testator is to govern. *Com. Dig. Devise*, N 24 ; 4 *Kent's Com.* 534. The condition at the close of the devise to *Henry Fossett Russell*

has relation exclusively to the *personal property* given to him, and the real estate was devised to him without condition, and on his death came to the demandant as next of kin. The word *paid* applied to the note, and the word *given* to the articles of personal property, and they are insensible and absurd, if applied to real estate.

*F. Allen* and *I. G. Reed*, for the tenants, contended, that the grandson of the testator, *Henry Fossett Russell*, took but a qualified estate in the *Appleton* lands, during his own life. But if the words would have passed a fee, if there had been no devise over, still the intention of the testator clearly appears, that *Henry Fossett, 2d,* should take the same estate by way of executory devise, if *Henry Fossett Russell* should die under the age of twenty-one years without issue. The objection that a fee cannot be limited upon a fee has long since been done away as it regards wills. *Bac. Ab. Devise, I; Fearne on Con. Rem.* 355, 411, 418, 420; *Ide* v. *Ide,* 5 *Mass. R.* 500; *Ray* v. *Enslin,* 2 *ib.* 554. The devise over, being manifestly in the words of one unacquainted with technical terms and legal precision, extends to lands as well as personal estate. *Cook* v. *Holmes,* 11 *Mass. R.* 528.

After a continuance for advisement, the opinion of the Court was drawn up by

WESTON C. J. — We are satisfied, that *Henry Fossett Russell,* grandson of the testator, took a fee in the two lots of land, devised to him. Upon any other construction, it being wild and uncultivated, he could derive little or no benefit from the devise; and the beneficial interest would go to swell the estate of the residuary legatee, who had otherwise participated largely in the bounty of the testator. A devise of uncultivated land, without words of inheritance, was held to carry a fee in *Sargent & als.* v. *Towne,* 10 *Mass. R.* 303, and it is an authority exactly in point.

The decision of the cause will depend upon the question, whether this estate has been given over, by way of executory devise, upon a contingency, which has happened, the death of the first devisee, before he attained the age of twenty-one years. In addition to the two lots of land, there was given to him, in the same clause in the will, a note of one hundred dollars, and certain other specific

bequests of personal property, of no great value, to which is sub-joined this provision ; " and in case the aforesaid *Henry Fossett Russell* should not live to arrive to the age of twenty-one years, then the several legacies therein bequeathed to the said *Henry F. Russell,* I will and direct shall be paid or given to *Henry Fossett,* 2*d*, son of *Henry Fossett* of *Union.*" The former was the grandson, and the latter the son of the testator.

The leading rule of construction in regard to wills, is, that effect is to be given to the lawful intentions therein expressed. The several legacies are equivalent to all the legacies ; and these were given over, upon the contingency limited. Without giving to the language used a technical construction, in which the testator was manifestly unskilful, the obvious meaning is, that the second grandson named was to succeed to all, which had been before given to the first. Strictly, a legacy refers to personal property ; but it may be, and it is believed often is, used in a more extended sense, by persons unacquainted with the precise meaning of legal terms. And in the connection, in which it stands, it seems to us, that the word legacies, was intended to embrace the real, as well as the personal estate. The several legacies bequeathed, were given over. In that clause, the testator had used the term, bequeath, only in reference to the land.

The bounty of the testator was bestowed upon his own blood, his children and grandchildren. He took into consideration the contingency of the decease of his grandchild, *Russell,* before he attained to full age, in which case another grandchild is substituted. The construction contended for, by the counsel for the demandant, would leave the second grandchild the recipient of the personal bequests, comparatively of inconsiderable value, while the more important, the fee of the land, would go to an heir, not of the blood of the testator.

It is insisted, that it is apparent, from other parts of the will, that in the mind of the testator, the term, legacies, was understood to refer only to personal property. It occurs in the first clause in the will, and in that, which immediately precedes the residuary clause. In the first, he speaks of the payment of debts, and the discharge of legacies, as soon as circumstances will permit, in which he seems to have contemplated such as were pecuniary. And in the last, he

Russell v. Elden.

speaks specially of those, which were appointed to be paid by his son *Alexander*. The argument does not appear to us sufficiently strong to show, that the term, legacies, in the clause under consideration, was not used in a more extended sense.

The devise over was to be paid and given, upon the happening of the contingency. This, it is urged, indicates something to be done by the executor, to give it effect, which could not apply to real estate, passing by way of executory devise. The testator, having reference to a future contingent event, appoints in that case, that the estate " shall be paid or given" over. He might have said, upon that contingency, " I give," but although he uses the future tense, the force and effect of the devise depends upon the appointment, then made by the testator.

Upon the whole, we are of opinion, that upon a just construction of the will, *Henry F. Russell* took a fee, in the land in controversy, subject to the contingency of his dying, before he attained the age of twenty-one years, in which case, it was limited over to the other grandson, *Henry Fossett*, by an executory devise.

*Demandant nonsuit.*